IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK GIRTLER,

                    Plaintiff,

v.

LT. FEDIE, SGT. MCCLIMANS,
C.O. STILLWELL, SGT. LAXTON,
WARDEN BOUGHTON and M. KARTMAN,

                    Defendants.

OPINION AND ORDER

19-cv-358-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Mark Girtler, a prisoner at the Wisconsin Secure Program Facility, is proceeding on an Eighth Amendment claim that defendants Lieutenant Fedie, Sergeant McClimans, Correctional Officer Stillwell and Sergeant Laxton failed to protect him from an attack by another inmate and returned him to the same housing unit where he was attacked. Before the court is plaintiff's motion and supplemental motion for a preliminary injunction in which he seeks a court order requiring that Warden Boughton and Security Director M. Kartman transfer him to another institution or keep him separated from the inmates who attacked him. Dkt. ##3 and 8. For the reasons below, the motions will be denied.

OPINION

Plaintiff has filed a motion for preliminary injunctive relief, requesting that the court order Warden Boughton and Security Director M. Kartman to transfer him to another

1

institution or separate him from inmate Banister, who allegedly attacked plaintiff, and Banister's fellow gang members. A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." Boucher v. School Bd. of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998) (citations omitted). To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). If plaintiff makes this showing, he must then demonstrate that the balance of harms tips in his favor. Id. The court weighs these factors using a sliding-scale approach: "the more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards [his] side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards [his] side." Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc., 735 F.3d 735, 740 (7th Cir. 2013) (quoting Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 12 (7th Cir. 1992)). Additionally, in the prison context, the scope of injunctive relief must comply with the Prison Litigation Reform Act ("PLRA"), which requires that, prior to granting prospective relief, a court must find that the relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the violation of the federal right; and (3) is the least intrusive means necessary to correct the violation of the federal right. 18 U.S.C. § 3626(a)(1).

As set forth in the fact section of the screening order, dkt. #9 at 2-3, which is incorporated by reference in this opinion, plaintiff alleges that defendant Stillwell moved plaintiff from the "D" housing unit to the "C" housing unit on January 9, 2019, even though plaintiff told Stillwell and defendant Laxton that he had "enemies" on Unit C and would be in physical danger. After arriving on Unit C, plaintiff told defendants McClimans and Fedie that inmate Banister had threatened to attack him. On January 12, 2019, Banister punched plaintiff while he was on his way to breakfast. After a brief stay in restrictive housing, plaintiff was returned to Unit D, but at some point, he was transferred back to Unit C. On March 4, 2019, an inmate in Banister's gang attacked plaintiff, who was then taken to restrictive housing. Plaintiff alleges that he is or will be returned to Unit C and remains in danger.

In response to plaintiff's sworn statements, defendants have adduced the following evidence:

- On January 14, 2019, plaintiff filed an inmate complaint concerning the January 12, 2019 altercation with Banister.

- On January 29, 2019, plaintiff submitted his first request to be kept separate from Banister.

- In order for staff to issue a special placement need separating inmates or staff, the inmate must provide specific information, including names, dates and details of the perceived threat of violence.

- Lieutenant Taylor conducted an investigation, interviewed staff and confidential informants and reviewed the incident reports related to the January 12 altercation. Although the investigation revealed that plaintiff may owe Banister money for prescription pills, Taylor did not find any evidence to corroborate the details of the threat or attack as plaintiff had described them. The investigation showed that staff responded

3

immediately, neither inmate was injured and the inmates complied with staff directives without further incident. Further, plaintiff refused to identify the gang members apart from Banister who were allegedly extorting him. For these reasons, Taylor recommended denying plaintiff's request.

- Security director Kartman agreed with Taylor's recommendation to deny the separation request because there was no clear and convincing reason to believe that Banister or any other inmates would attack plaintiff again. Kartman informed plaintiff of his decision in a letter on February 6, 2019.

- After filing this lawsuit on May 3, 2019, plaintiff filed an inmate complaint, demanding not to be placed in Units C or D. The complaint was dismissed and plaintiff was told that he would have to direct his request to Kartman.

- Since May 22, 2019, plaintiff has been in disciplinary separation for 120 days for an incident unrelated to this case. Banister is in Unit D. The two inmates do not have any contact with one another.

Although plaintiff disagrees with the decisions made with respect to his housing placement and fears that he will be placed with Banister or his fellow gang members in the future, he has not submitted any evidence to show that his request for separation should have been granted, that he is in any current danger or that irreparable harm that will result if the injunction is not granted. In particular, plaintiff has not shown that he is currently being housed with anyone who poses a risk to his safety or that he will be housed with such individuals in the future.

Plaintiff also has failed to show a reasonable chance of success on the merits of his Eighth Amendment claim against the correctional officers who carried out the change in housing units. Kartman and Taylor, who are not defendants as to plaintiff's Eighth Amendment claim, investigated plaintiff's inmate complaints and reasonably determined

4

that there was insufficient evidence from which to conclude that the altercation between plaintiff and Banister rose to the level of requiring the separation of plaintiff and Banister. There is no evidence that the investigation was a sham or was not based on legitimate security and administrative concerns. Further, plaintiff admits that he is has not able to identify any other inmate apart from Banister who poses a threat to him.

Without more, plaintiff cannot show that he is likely to succeed on the merits of his Eighth Amendment claim or that he will suffer an irreparable harm if the injunction is not granted. Although plaintiff's allegations were sufficient to pass the screening stage, his submissions fall far short of showing that he needs the extraordinary relief that he seeks. Accordingly, he is not entitled to injunctive relief at this time.

ORDER

IT IS ORDERED that plaintiff Mark Girtler's motion and supplemental motion for preliminary injunctive relief, dkt. ##3 and 8, are DENIED.

Entered this 25th day of July, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge