# United States Court of Appeals
For the Seventh Circuit
Office of the Clerk
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604
312-435-5850

August 30, 2019

Dear Clerk,

The U.S. Court of Appeals received this document in error.

We are forwarding it to the Western District of Wisconsin for your consideration. If you have already received this document then please disregard this letter.

Sincerely,

Pro Se Clerk #3

Clerk of Courts
United States Court of Appeal
For The Seventh Circuit
219 S. DearBorn St.
Chicago, Ill. 60604.

RE: <u>Mark Girtler -v- Lt. Fedie; et al.</u>
Dist. Court Court case No. 19-cv-338.

Dear Clerk,

Please find enclosed one (1) original and three (3) copies of petitioner's Petition for Permission to Appeal in the above-entitled matter. I hereby certify that I have also sent a copy of the same by U.S. 1st class mail to the Respondents at:

    Eliot M. Held
    Ass. Attorney General
    P.O. Box 7857
    Madison, WI. 53707

Dated this 13 day of AuGEST, 2019.

      Mark Girtler
    Petitioner, Appellant, Pro-Se.

W.S.P.F.
P.O. Box 1000
Boscobel, WI. 53805.

U.S.C.A. — 7th Circuit
RECEIVED
AUG 3 0 2019   3
GINO J. AGNELLO
CLERK

IN THE UNITED STATES COURT OF APPEAL
FOR THE SEVENTH CIRCUIT

Mark Girtler,
    Plaintiff-Appellant

v.                             Dist. Court Case No. 19-cv-338-bbc

LT. Fedie, et al,
    Defendant-Appellees

---

PLAINTIFF'S PETITION FOR PERMISSION TO APPEAL.

---

COMES now the Plaintiff, Mark Girtler "Girtler" hereafter, proceeding herein Pro-Se, pursuant to Rule 5, Fed. R. of App. Proc., with his Petition for Permission to Appeal the opinion and order of the District Court to deny his Motion for a Preliminary Injunction entered on July 25th, 2019, in the United States District Court for the Western District of Wisconsin, the Hon. Barbara B. Crabb, Dist. Court Judge, Presiding.

### (A). FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED:

On January 9th, 2019, Correctional Officer Stillwell, ordered Girtler to pack his property to move from unit D to unit C (DKT. 1 ¶ 1) (DKT.3 ¶ 4). Girtler told Stillwell that he had enemies in unit C and would be in physical danger. (DKT.1 ¶ 7). Sergeant Laxton was at the officers' desk and overheard Girtler explanation, but ordered Girtler to pack his property or risk recieving a conduct report for disobeying a direct order, so Girtler complied. (Id ¶ 8). After arriving at unit C, Girtler told Sgt. McClimans, the unit Sgt., that another prisoner on unit C, ie Banister had threatened to attack him if he (Girtler) did not pay him extortion money, but McClimans did not take any action. Id. at ¶ 9. The next day Banister came to Girtler's cell and demanded

- 1 -

money. Id. at 10. Girtler reported the incident to McClimans and asked to be moved, but McClimans said he was too busy and refused. Id. at 11-12. The same day, Girtler told Lt. Fedie about Banister's threats and asked to be moved immediately, but Fedie refused to move Girtler immediately, and told him to file a Special Needs (SPN) Request. Id. at ¶¶13-16.

At approximately 7:30 A.M., on January 12, 2019, when Girtler was on his way to breakfast, Banister attacked him, punching Girtler in the head, face, chest, and shoulders. Id. at 17. Girtler and Banister were both placed in Restrictive Housing pending an investigation and after review of video footage showing Girtler did not swing or fight back, he was released from Restrictive Housing and no charges lodged against him. Id. at 20.

Over Girtler's objections, he was sent back to unit D. Thereafter, he filed for the SPN, which Security Director Kartman denied. (Id.¶¶20-22) After arrival back on C unit, Girtler again reported that he was informed Banister had sent a message to his affiliate gang members to attack me. So I reported this information to the unit manager Brown, the Security Director Kartman and the Warden, and requested to be moved to a different unit. (DKT. 8, ¶ 2). Nothing was done. Then, on <u>March 4th, 2019</u>, Girtler was attacked again by a prisoner who was one of Banister's fellow gang members, ie Brown. (Davidson Decl. ¶8, EX. 1003 at 6-7). Girtler was again placed in the Restrictive Housing unit pending an investigation of the incident and therefore was informed by the Administrative Capt. that he would not be charged and would again be released to go back to the General Population, but would be moved back to the same unit again. Girtler refused to go back to unit C, where the assault happened. However before he was scheduled for release or ordered to do so, he was ordered to provide a urine sample. Girtler refused so that he would recieve a conduct report, which was subsequently issued and he remained in the Restrictive Housing unit pending a hearing on the report. He was subsequently found guilty of Disobeying AN Order and given a Disposition of 120 days Disciplinary Seperation (DS). That sentence was reduced by the warden to 90 days D.S. by the warden on Appeal and Girtler was scheduled for release back into G.P. on

July 22, 2019. Girtler was released from the Restrictive Housing unit and was placed on unit F, which is an overflow unit and transition unit where prisoners are temporary housed pending transfer to a regular G.P. housing unit. Girtler remains on this unit at the time of this Petition for Injuctive Relief on Appeal.

### (B) THE QUESTION ITSELF:

**1.** Did Girtler present sufficient evidence to establish he is entitled to Injunctive Relief and is in immenent danger to his physical health and safety.

Girtler argues in this Appeal the District Court made erroneous factual determinations when it concluded he "has not (1) submitted any evidence to show that [his] request for Seperation should have been granted. (2) that Girtler is in any current danger or that irrepairable harm will result if the Injunction is not granted.

The District Courts' determinated Girtler has not shown that he is with...anyone who poses a risk to his safety...with such individuals in the future" was erroneous. Additianally, the Court's conclusion Girtler failed to show a reasonable chance of success on the merits of [his] Eigth Ammendment claim against the correctional officers who carried out the change in housing unit".

### (1B) EVIDENCE SHOWS GIRTLER'S REQUEST FOR THE SPN SHOULD HAD BEEN GRANTED.

Girtler presented evidence in the form of his sworn statement in his Declaration that prior to being placed on C unit, he informed each of the Defendants that Banister was attempting to extort him for money and threatened to attack him if he did not pay him and asked to be moved immediately. The request was ignored and denied and soon thereafter Girtler was assaulted by this very prisoner. This incident showed the credibility of Girler's statement. And soon thereafter, as directed by Lt. Fedie, Girtler filed for a SPN against Banister, who was likely to attack him again because Girtler would not pay the extortion money.

-3-

Thus, Girtler provided the name of the person who threatened and actually attacked him, the dates when he was threatened and previuosly attacked and the details for the percieved threats. And in regard to the unknown names of the other gang members, Defendants have the information in their data base of the prisoners who are on that unit who are affiliated in the same gang, ie. BlackStones, as Banister. Girtler could not supply the names of the particular individuals who would carry out the next attack because he did not know all the prisoners on the unit that was in Banister's gang. So that determination was irrelevant. There was sufficient information provided to issue the SPN against Banister alone, but additionally, prisoners on the unit affiliated as Blackstones.

### (1C) GIRTLER PRESENTED SUFFICIENT EVIDENCE TO ESTABLISH HE WILL BE PLACED BACK IN IMMINENT DANGER:

Prior to being attacked by Bannister, Girtler provided Defendants with his identity and the specific details why he felt threatened, and informed them it was a <u>imminent attack</u> upon him coming if not moved and just as predicted, he was attacked. Then, after being released from the Restrictive Housing unit, Girtler again requested to be moved and filed several inmate complaints regarding not being moved because of being in imminent danger of assault. See Def. Exhibits 1000-1008. No action was taken.

Then, on <u>May 4th, 2019</u>, just as predicted, Girtler was attacked again by one of Banister's fellow gang members which required medical treatment. After which Girtler again was threatened to be moved back again to the same unit, he then refused to obey an order for a urine test, just so he would remain in Restrictive Housing unit.

Subsequent to his release from the Restrictive Housing unit, after serving his sentence for not providing a urine sample, he was housed on unit F, which is a temporary housing unit.

Thus, there is sufficient evidence to show the likelyhood Girtler will be placed back into imminent danger because (1)

-4-

Defendants have shown a pattering of placing him back on the same
unit where the gang members live, (2) refusal to place a SPN on
the gang members who attacked him or their gang members, and (3)
all of Girtler's previous information that he would be assaulted
by these very same people, has occured. And Defendants have not
presented any evidence they <u>will not</u> keep Girtler seperate from
his attackers or their gang member affiliates. To the contrary,
Defendants make it clear they will do so, because they conclude
no future attacks would occur. This was an Erroneous conclusion
and contrary to the credible evidence.

### (1D) GIRTLER IS LIKELY TO SUCCEED ON THE MERITS OF HIS EIGHTH AMMENDMENT CLAIM AGAINST THE DEFENDANTS:

In deciding this issue, the District Court stated:

"Kartman and Taylor, who are not Defendants as to
Plaintiff's Eighth Ammendment Claims, investigated
Plaintiff's inmate complaints and reasonably determined
that there was insufficient evidence from which to conclude
that the altercation between Plaintiff and Bannister rose to
the level of requiring the seperation of Plaintiff and
Bannister. There is no evidence that the investigation was
a sham or was not based on legitimate security and
Administrative concerns. Further, Plaintiff admits he was
not able to identify any other inmate apart from Banister
who poses a threat to him...without more, Plaintiff cannot
show that he is likely to succeed on the merits of his
eighth Ammendment Claim, or that he will suffer an
irrepairable harm if the Injunction is not granted".

<u>Dist. Court Order at 5, dated July 25, 2019</u>.

These factual determinations has no bearing on whether Girtler
will succeed on his 8th Ammendment Claim.

Instead, the facts related to Plaintiff's 8th Ammendment claim
show he is likely to succeed on his claim wherin the undisputed
facts show Girtler alerted Defendants that he was being threatened

-6-

and asked to be moved to a different unit. Girtler provided the
identity of the person who threatened him and the details of the
threat and why he was being so threatened. The Defendant took no
action to abate the serious risk to Girtler's health and safety.
And soon thereafter, he was physically attacked by the very
prisoner identified who posed the threat. Those undisputed facts
alone show Girtler is likely to succeed on the Merits on his
Eighth Ammendment Claim of failure to protect. CF. <u>Babcock -v-
White</u>, 102 F. 3d. 267, 273-74 (7th Cir. 1996).

Notwithstanding these undisputed facts, it is further
esstablished after the first attack by Banister, Defendant still
refused to place a Seperation Order between Girtler and him or his
gang member affiliates, who could have been easily identified from
Defendants data base, then returned Girtler back to the very unit
where he was attacked with members of Banister's gang, which shows
a complete Delliberate Indifference to his health and safety, and
wherein, Girtler was attacked again by members of the very same
gang member, ie. Brown, as that of Banister.

Therefore, if these facts are proven true, which appear, not to
be in dispute, it is highly likely Girtler would succeed on the
merits of his claim.

### (IE) THE REASONS WHY THE APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED BY STATUTE OR RULE:

This Appeal should be allowed because Girtler remains, or will
be in the future, in imminent danger of his health and safety if
the Preliminary Injunction is not issued.

Despite being repeatedly attacked by the same gang members,
Defendants refuse to issue a SPN. Girtler is presently housed on
a temporary transition unit, where he will be returned to the
General Population at any time, and housed again with the very
same gang members who assaulted him two times, and the District
Court's factual determinations were clearly erroneous.

STATUTE OR RULE AUTHORIZING THIS APPEAL:

Girtler has sought this Appeal pursuant to <u>Rule 5, of the Fed. R. of App. Proc.</u> Therein it provide, in pertinent part:

(a) APPEAL BY PERMISSION
    (1). To request Permission to Appeal when the Appeal is within the Court of Appeals "Discretion, a party must file a Petition for permission to Appeal. The Petition must be filed with the Circuit Court Clerk with proof of service on all parties to the District Court action.

(b) CONTENTS OF THE PETITION: ANSWER OR CROSS PETITION
    (1). the contents of the Petition must include the following:
        (A). the facts necessary to understand the question presented.
        (B). The question itself:
        (C). The Relief sought
        (D). The reasons why the Appeal should be allowed and is authorized by Statute or Rule: And
        (E). Attached copy of: the order, decree or judgment complained of..."

Thus, this Permission to Appeal is properly before the Court for it's consideration.

## CONCLUSION

WHEREFORE, Petioner respectfully move this Honorable Court to **GRANT** this Petition for Permission to Appeal. And upon Appeal, to **REVERSE** the District Court's Order Denying Plaintiff's Motion for Preliminary Injunction.

RESPECTFULLY SUBMITTED.

Dated this 13 day of AuGEST , 2019.



*Mark [signature]*
Petitioner-Appellant, Pro-Se
Wisconsin Secure Program Facility
P.O. Box 1000
Boscobel, WI. 53805

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK GIRTLER,

                                                        OPINION AND ORDER

              Plaintiff,

                                                        19-cv-358-bbc

    v.

LT. FEDIE, SGT. MCCLIMANS,
C.O. STILLWELL, SGT. LAXTON,
WARDEN BOUGHTON and M. KARTMAN,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Mark Girtler, a prisoner at the Wisconsin Secure Program Facility, is proceeding on an Eighth Amendment claim that defendants Lieutenant Fedie, Sergeant McClimans, Correctional Officer Stillwell and Sergeant Laxton failed to protect him from an attack by another inmate and returned him to the same housing unit where he was attacked. Before the court is plaintiff's motion and supplemental motion for a preliminary injunction in which he seeks a court order requiring that Warden Boughton and Security Director M. Kartman transfer him to another institution or keep him separated from the inmates who attacked him. Dkt. ##3 and 8. For the reasons below, the motions will be denied.

OPINION

Plaintiff has filed a motion for preliminary injunctive relief, requesting that the court order Warden Boughton and Security Director M. Kartman to transfer him to another

As set forth in the fact section of the screening order, dkt. #9 at 2-3, which is incorporated by reference in this opinion, plaintiff alleges that defendant Stillwell moved plaintiff from the "D" housing unit to the "C" housing unit on January 9, 2019, even though plaintiff told Stillwell and defendant Laxton that he had "enemies" on Unit C and would be in physical danger. After arriving on Unit C, plaintiff told defendants McClimans and Fedie that inmate Banister had threatened to attack him. On January 12, 2019, Banister punched plaintiff while he was on his way to breakfast. After a brief stay in restrictive housing, plaintiff was returned to Unit D, but at some point, he was transferred back to Unit C. On March 4, 2019, an inmate in Banister's gang attacked plaintiff, who was then taken to restrictive housing. Plaintiff alleges that he is or will be returned to Unit C and remains in danger.

In response to plaintiff's sworn statements, defendants have adduced the following evidence:

- On January 14, 2019, plaintiff filed an inmate complaint concerning the January 12, 2019 altercation with Banister.

- On January 29, 2019, plaintiff submitted his first request to be kept separate from Banister.

- In order for staff to issue a special placement need separating inmates or staff, the inmate must provide specific information, including names, dates and details of the perceived threat of violence.

- Lieutenant Taylor conducted an investigation, interviewed staff and confidential informants and reviewed the incident reports related to the January 12 altercation. Although the investigation revealed that plaintiff may owe Banister money for prescription pills, Taylor did not find any evidence to corroborate the details of the threat or attack as plaintiff had described them. The investigation showed that staff responded

3

that there was insufficient evidence from which to conclude that the altercation between plaintiff and Banister rose to the level of requiring the separation of plaintiff and Banister. There is no evidence that the investigation was a sham or was not based on legitimate security and administrative concerns. Further, plaintiff admits that he is has not able to identify any other inmate apart from Banister who poses a threat to him.

Without more, plaintiff cannot show that he is likely to succeed on the merits of his Eighth Amendment claim or that he will suffer an irreparable harm if the injunction is not granted. Although plaintiff's allegations were sufficient to pass the screening stage, his submissions fall far short of showing that he needs the extraordinary relief that he seeks. Accordingly, he is not entitled to injunctive relief at this time.

ORDER

IT IS ORDERED that plaintiff Mark Girtler's motion and supplemental motion for preliminary injunctive relief, dkt. ##3 and 8, are DENIED.

Entered this 25th day of July, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge