IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK GIRTLER,

                         Plaintiff,

      v.                                                                                          OPINION AND ORDER

BRADLEY FEDIE, DAMEON MCCLIMANS                                 19-cv-358-jdp
and MARK KARTMAN,

                         Defendants.

---

    This case was reassigned to me for trial after Judge Crabb ruled on the parties' cross motions for summary judgment. Dkt. 69. Both sides ask me to reconsider aspects of Judge Crabb's decision. Defendants contend that Judge Crabb overlooked critical evidence regarding defendant Kartman, applied the incorrect legal standard for deliberate indifference, and incorrectly concluded that defendants Kartman, Fedie, and McClimans were not entitled to qualified immunity. Dkt. 71. Girtler asks to reconsider his motion for summary judgment with respect to McClimans. Dkt. 72.

    I find no manifest error of law or fact in Judge Crabb's summary judgment order, so I am denying the parties' motions for reconsideration. *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (setting forth standard for motion for reconsideration).

ANALYSIS

    Pro se plaintiff Mark Girtler, a prisoner at the Wisconsin Secure Program Facility, alleges that defendants violated his rights under the Eighth Amendment by failing to protect him from two attacks by other inmates, even though plaintiff allegedly told defendants about the risk of harm he faced. Judge Crabb granted defendants' motion for summary judgment

with respect to two defendants but denied the motion with respect to Girtler's claims against defendants Bradley Fedie, Dameon McClimans, and Mark Kartman. Judge Crabb denied plaintiff's motion for summary judgment as to his claims against Fedie, McClimans, and Kartman, finding material differences between plaintiff's and defendants' versions of the events.

Girtler's claim against defendant Kartman, the security director, is based on Kartman's denial of Girtler's request for a special placement need (SPN). In their summary judgment brief, defendants argued that Kartman's denial was reasonable because he had relied on an investigation conducted by a Lieutenant Taylor (not a defendant), who apparently concluded that there was no credible threat to Girtler. They further argued that Kartman's decision was entitled to significant deference as a security professional. Judge Crabb found that it was not possible to determine whether Kartman had acted reasonably as a matter of law because defendants had failed to present sufficient admissible evidence regarding the investigation, the information presented to Kartman, and how Kartman exercised his professional judgment. Dkt. 69 at 17-18.

In their motion for reconsideration, defendants surmise that the court overlooked Kartman's affidavit explaining the requirements for separation, the results of the investigation, and why separation was not warranted. Judge Crabb specifically acknowledged that Kartman had submitted an affidavit summarizing the findings of Taylor's investigation report. But as she pointed out, Kartman's statements about the investigation were hearsay because they were based on out-of-court statements made by Taylor. Defendants did not submit an affidavit from Taylor.

Defendants argue that the only thing that matters is the *effect* that the Taylor's investigation had on Kartman. Thus, the description of the investigation is not hearsay because offered for the truth, only to show that Kartman did not ignore the putative threat to Girtler. The point is correct as far as it goes, but it does not mean that Judge Crabb wrongly denied summary judgment on the claim against Kartman.

Defendants proposed only five conclusory findings of fact related to Kartman's denial of the SPN. *E.g.*, Dkt. 46 at ¶ 14 ("Based on Lieutenant Taylor's investigation, Security Director Kartman responded to Plaintiff on February 6, 2019 that his SPN request had been denied."). Kartman's affidavit and other documents in the record contained a bit more information about the situation, but it is not the court's role to consider facts not proposed by the parties or search the record for evidence supporting their position. Summ. Judg. Proc., § I.C.1 ("The court will not search the record for evidence."). And even if the court considers the few additional details in the Kartman declaration, Judge Crabb's decision stands. Kartman learned from Taylor that Girtler may have owed money to Bannister, which might explain the conflict between those two. Kartman's affidavit did not explain why the existence of this debt would preclude the need to protect Girtler. The scant evidence in the record does not foreclose a reasonable jury verdict that Kartman acted with deliberate indifference to Girtler's risk of injury.

Defendants suggest that the court applied the incorrect legal standard for deliberate indifference with respect to defendants Kartman and Fedie because it discussed the "reasonableness" of their actions in response to the alleged threat that Inmate Bannister and his fellow gang members allegedly posed to Girtler's safety. Citing *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) (internal quotations omitted), they argue that a "defendant with

3

knowledge of a risk need not take perfect action or even reasonable action," rather "his action must be reckless" or "something approaching a total unconcern." Defendants correctly cite the holding in *Collins*, but they miss the point. A correctional officer must take reasonable steps to protect against a substantial risk to an inmate's safety. Those steps don't have to be effective, or ideal. But the failure to take any reasonable step may reflect a lack of concern. As Judge Crabb cited in her order, the Seventh Circuit has made clear that "the Eighth Amendment 'obligates prison officials to take reasonable measures to guarantee the safety of . . . inmates.'" *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (quoting *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018)). *See also* Fed. Civ. Jury Instr. of 7th Cir. § 7.14 (Deliberately indifferent means "that Defendant actually knew of a substantial risk of [[serious harm] or [describe specific harm to Plaintiff's health or safety]], and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it."). Judge Crabb found that it was unclear from the evidence of record whether the defendants in this case "failed to take the minimal, reasonable action of inquiring further and investigating the situation." *LaBrec*, 948 F.3d at 847. Whether Kartman's failure to approve the SPN or take any other responsive action and Fedie's limited investigation into the reported threats amounted to a total unconcern for Girtler's safety will be questions for the jury to resolve at trial.

Judge Crabb also did not err in concluding that the three defendants were not entitled to qualified immunity, which shields government officials from money damages unless a plaintiff shows that (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). With respect to the first inquiry, Judge Crabb found there are disputed issues of material fact about whether Girtler conveyed more than a general or vague concern about

4

his safety, whether defendants had actual knowledge that he was in danger, and what actions some of the defendants took in response. With respect to the second inquiry, she found that prison officials have a clear duty to protect a prisoner once they become aware that the prisoner faces a specific, credible, and imminent risk of serious harm from a fellow inmate. *See Gevas v. McLaughlin*, 798 F.3d 475, 481-82, 484 (7th Cir. 2015).

Defendants take issue with the court's statement that McClimans's potential liability is a close call, arguing that the closeness of this issue means that McClimans is entitled to qualified immunity. *See Ashcroft*, 563 U.S. at 741 (legal question must be "beyond debate"). Defendants conflate the two prongs of the qualified immunity analysis. It is undisputed that McClimans initially told Girtler to file a SPN and talk to a supervisor about a threat made from another inmate. However, Girtler alleges that after learning about a second and more imminent threat from the same inmate, McClimans said "I'm busy" and refused to take any action to move or help Girtler. McClimans denies having the second conversation. Girtler's claim is a close call because the evidence of what was said is sparse. But Girtler has clearly established right to be protected. Under Girtler's version of the events, McClimans's refusal to take any action under the circumstances would be a violation of that clearly established right.

I will deny defendants' motion for reconsideration.

I will also deny Girtler's motion for reconsideration. His claims turn on disputed issues of fact, which precludes summary judgment in Girtler's favor.

ORDER

IT IS ORDERED that the motions for reconsideration filed by defendants Bradley Fedie, Mark Kartman, and Dameon McClimans, Dkt. 71, and plaintiff Mark Girtler, Dkt. 72,

5

are DENIED.

Entered September 8, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge