IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK GIRTLER,

                Plaintiff,

v.

BRADLEY FEDIE, DAMEON MCCLIMANS,
and MARK KARTMAN,

                Defendants.

OPINION and ORDER

19-cv-358-jdp

---

Pro se plaintiff Mark Girtler, an inmate at the Wisconsin Secure Program Facility (WSPF), alleges that the security director and correctional officers at the prison violated his rights under the Eighth Amendment by failing to protect him from at least two attacks by inmate Charles Banister and Banister's associate, inmate Brown, even though plaintiff allegedly told defendants about the risk of harm he faced. On July 25, 2019, Judge Crabb denied Girtler's motion for a preliminary injunction requesting not to be housed with Banister or any of his fellow gang members, finding that he had failed to demonstrate a likelihood of success on the merits or irreparable harm. Dkt. 22. That decision was affirmed on appeal. Now, Girtler has filed a second motion for preliminary injunctive relief on the ground that he continues to be housed with Banister or his associates on occasion. Dkt. 103 and Dkt. 106. But even though Girtler has now successfully opposed defendants' motion for summary judgment, he still has not shown that he is likely to face irreparable harm in the future without a preliminary injunction. Therefore, I am denying the motion.

ANALYSIS

A preliminary injunction gives a party temporary relief during a pending lawsuit. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). It is "a very far-reaching power" that a court should only use when "a case clearly demand[s] it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone*, 110 F.2d 292, 293 (3rd Cir. 1940) (per curiam)). To receive a preliminary injunction, Girtler must show three things: (1) that he has a reasonable chance of success on his underlying claims, (2) that he cannot get an adequate remedy without the injunction, and (3) that he would suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Girtler shows these three things, I must then balance the harm that denying the injunction would cause to Girtler against the harm that granting the injunction would cause to the defendants. *Id.* Finally, I must assess the requested relief under the requirements of the Prison Litigation Reform Act (PLRA), which requires that injunctive relief be narrowly drawn to correct only the harm at issue and to be no more intrusive than necessary. 18 U.S.C. § 3626(a)(2).

In her July 25, 2019 decision, Judge Crabb found that Girtler had not shown that a February 2019 investigation of his request for a special placement need (SPN) was deficient, that he was in any current danger, or that he would be housed with and face a risk of harm from his attackers in the future. Dkt. 22 at 4. In affirming the decision, the court of appeals noted that there was no reason to conclude that defendants were acting with deliberate indifference to the alleged threats to Girtler or that the SPN process would be ineffective in addressing any subsequent threats. Dkt. 95-1 at 4-5. The court of appeals did say that Girtler should feel free to renew his request for relief if his circumstances changed. *Id.* But the evidence

submitted by the parties in conjunction with the current motion shows that there have been no significant changes in Girtler's circumstances that would warrant the extraordinary relief that he seeks.

The relevant facts are not genuinely disputed. On December 13, 2019, about five months after Judge Crabb denied Girtler's first motion for a preliminary injunction, Girtler filed another SPN request in which he complained about being housed with Banister and one of Banister's gang members, Smith. Dkt. 96 at 6. Girtler alleged that Smith threatened to fight with him on November 18, 2019, if Girtler did not pay him money. Defendant Kartman denied the SPN on January 9, 2020, stating that Girtler had not provided any additional information that would alter the outcome of the investigation that had taken place in February 2019. *Id.* at 7.

Since July 2019, Girtler has been housed in the same unit as Banister on three different occasions: December 13-16, 2019, January 23 to February 12, 2020, and September 16-18, 2020.[1] He was housed with Smith from July 17 to December 18, 2019, October 23-26, 2020, and December 1, 2020 to the present. But apart from his statement that Smith threatened to extort him in November 2019, Girtler has not identified any other specific threats from Smith or Banister. More importantly, no conflicts or attacks have been reported.

For the reasons below, I find that Girtler does not meet the clearly established prerequisites for injunctive relief.

---

[1] Girtler also says that he was housed with Banister on April 7, May 5, and November 18, 2020, but the prison's bed assignment records show that from April 7 to May 8, Girtler and Banister were housed in a segregation unit (unit A) where inmates do not have access to one another, and that the inmates were not housed together on November 18. Dkt. 109-1.

**A. Success on the merits**

The first threshold question in the injunction analysis is whether Girtler has a reasonable chance of success on his claims. This means that Girtler has to provide enough evidence to show that his Eighth Amendment claims have at least a "better than negligible" chance of success at trial. *Roland Mach.*, 749 F.2d at 387 (quoting *Omega Satellite Prods. Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982)). At this point, Girtler doesn't need to show that his claims will *probably* succeed, only that they will *potentially* succeed. But the weaker Girtler's claims appear, the more the balance of harms must weigh in his favor to receive an injunction, and vice versa. *Sofinet v. Immigration and Naturalization Serv.*, 188 F.3d 703, 707 (7th Cir. 1999).

To establish an Eighth Amendment violation based on a violation of the duty to protect prisoners from violence at the hands of others, a prisoner must show "that the prison official was deliberately indifferent to an excessive risk to the prisoner's health or safety, which includes both an objective and subjective component." *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020). The harm to which the prisoner was exposed must be objectively serious, and the prison official must have had actual knowledge of the risk. *Id.* Moreover, "[b]ecause a prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' prison officials who actually knew of a substantial risk to inmate health or safety can nevertheless escape liability if they responded reasonably to the risk, whether or not the harm was ultimately averted." *Id.*

Both Judge Crabb and the court of appeals determined that Girtler failed to show a likelihood of success in demonstrating that defendants are acting with deliberate indifference. Girtler has since successfully opposed defendants' motion for summary judgment by showing that material differences existed between his and defendants' versions of the events and that

4

defendants had failed to present sufficient, admissible evidence from which the court could conclude that defendants had acted reasonably as a matter of law. But even if Girtler has a reasonable chance of succeeding on his claims at trial, the odds are not overwhelmingly in his favor. Eighth Amendment cases are difficult to prove, and defendants may well adduce enough evidence at trial to convince the jury that they did not consciously disregard a substantial risk to Girtler's safety.

## B.  Inadequate legal remedy and irreparable harm

The second and third threshold questions in the injunction analysis are whether Girtler could achieve an adequate remedy and would suffer irreparable harm without an injunction. Girtler has an adequate remedy at law for past damages under § 1983, which he is pursuing for the initial attacks that allegedly occurred in January and March 2019. Even though Girtler fears a future attack from Smith or other inmates at Banister's behest, he has not submitted any evidence to show that the prison has failed to protect him over the past two years, that his second request for an SPN should have been granted in 2020, that he is in any current danger, or that irreparable harm will result if the injunction is not granted.

## C.  Balance of harms and PLRA

Because Girtler has failed to satisfy the threshold requirements for preliminary injunctive relief, it is unnecessary to consider the remaining questions in the injunction analysis. But it is worth noting the general rule that courts owe significant and wide-ranging deference to prison officials' decisions "when responding to grievances and maintaining order in a volatile environment, and to the justifications offered for those decisions." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

The court will override the professional judgment of prison officials in housing and security matters only in the most extreme cases.

Accordingly, Girtler's second motion for preliminary injunctive relief will be denied.

ORDER

IT IS ORDERED that plaintiff Mark Girtler's second motion for a preliminary injunction, Dkt. 103, is DENIED.

Entered March 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge