IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK GIRTLER,

                    Plaintiff,

v.                                                        OPINION and ORDER

BRADLEY FEDIE, DAMEON MCCLIMANS                    19-cv-358-jdp
and MARK KARTMAN,

                    Defendants.

---

      Plaintiff Mark Girtler contends that defendants Bradley Fedie, Dameon McClimans and Mark Kartman, security staff at Wisconsin Secure Program Facility, violated his constitutional rights. Specifically, he contends that defendants were aware in early 2019 that another inmate named Banister and his fellow gang members posed a substantial risk to plaintiff's safety, yet they failed to take reasonable measures to respond to that threat. Trial is scheduled for January 18, 2022, with the final pretrial conference on January 12, 2022 at 4 p.m.

      Trial in this case has been postponed a number of times. Dkts. 93, 114, 118. In an order entered September 17, 2021, the court advised the parties that it was denying their previously-filed motions in limine without prejudice, but that if either party wanted to renew them as part of their pretrial submissions due on December 3, 2021, they could either refile them or simply indicate to the court that they wished to renew them. Dkt. 121. Defendants have filed a new set of motions that essentially replicates their first. Dkts. 127, 78. Girtler, however, has neither filed new motions nor indicated that he wishes to renew his old ones (which he filed before obtaining legal representation). Dkt. 84. What is more, he has not disclosed the names and addresses of his trial witnesses, as required by Fed. R. Civ. P. 26(a)(3).

1

Girtler is advised to disclose his witnesses – or to advise the court that this case has settled -- forthwith.

This order addresses the parties' motions in limine. (I have given Girtler the benefit of the doubt and assumed that he still wishes to pursue the motions that he filed on October 26, 2020. Dkt. 84.) The court will provide its versions of the voir dire, jury instructions, and special verdict form to the parties prior to the pretrial conference.

## ANALYSIS

### I. Girtler's motions in limine (Dkt. 84)

Girtler asks the court to exclude evidence of (a) the nature of his prior convictions and (b) his disciplinary record in the prison. (He also asks the court to order all witnesses to be "sequestered," which the court does as a matter of course. However, any sequestration order will not apply to defendants themselves. Fed. R. Evid. 615(a).)

A. Criminal Convictions

Under Rule 609, felony convictions may be used to attack a witness's character for truthfulness or untruthfulness. In civil cases, felony convictions less than 10 years old "must be admitted, subject to Rule 403." Fed. R. Evid. 609 (a)(1)(A). Rule 403 provides that the court "may" exclude relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice.

In their third motion in limine, Dkt. 92, defendants state that they wish to introduce these five felony convictions: (1) one count of disorderly conduct – domestic abuse repeater, in Milwaukee County Case No. 2014CF197; (2) one count of solicitation of burglary-armed with a dangerous weapon, in Milwaukee County Case No. 2014CF3214; (3) one count of

intimidating a victim with threat of force, in Milwaukee County Case No. 2014CF3214; (4) one count of disorderly conduct – domestic abuse repeater, in Milwaukee County Case No. 2014CF3215; and (5) one count of intentionally contacting a party in violation of a court order, in Milwaukee County Case No. 2016CF899. Defendants want to ask Girtler not just how many felony convictions he has, but also about the dates and titles of the convictions. Girtler does not object to being asked to state the number of times he's been convicted of a felony, but objects to having to name the crimes for which he was convicted.

The Seventh Circuit has held that it is "appropriate to reveal the title, date, and disposition of the offense" used for impeachment under Fed. R. Evid. 609(a). *United States v. Lewis*, 641 F. 3d 773, 783 (7th Cir. 2011). Girtler offers no argument in support of his suggestion that the court "sanitize" his convictions by permitting defendants to ask only about the number of felony convictions he has. Moreover, although none of his convictions is especially relevant to his honesty, as would be an embezzlement or perjury conviction, for example, at the same time none of the crimes is so sensational or violent that it poses a danger of unfairly prejudicing the jury. Therefore, Girtler's first motion in limine will be denied.

B. Prison Disciplinary Record

Defendants state they do not currently intend to introduce such evidence, unless it becomes relevant for purposes of impeachment. Accordingly, this motion is denied as unnecessary.

## II. Defendants' motions in limine (Dkt. 127)

Defendants filed three motions in limine. First, defendants seek to exclude testimony or evidence about other legal proceedings involving defendants, inmate grievances against defendants except those from Girtler related to this case, and defendants' work personnel files.

I will grant this motion. I see no reason why such evidence would be relevant to Girtler's failure-to-protect claims, and even if it was marginally relevant, it would be distracting to the jury. Moreover, Girtler has not objected to this motion.

Defendants' second motion is related to the first. Defendants seek to preclude Girtler from presenting evidence or testimony about other lawsuits against the Department of Corrections or its current and former employees. I will grant this motion for the same reasons as the previous one.

Finally, defendants seek permission to impeach Girtler by asking him to list the titles, dates, and dispositions of his felony offenses. As explained above, this request is granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark Girtler's motions in limine, Dkt. 84, are GRANTED IN PART and DENIED IN PART, as set forth above.

2. Defendants' motions in limine, Dkt. 127, are GRANTED.

Entered December 23, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge