IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK GIRTLER,

       Plaintiff,

v.                     OPINION and ORDER

BRADLEY FEDIE, DAMEON MCCLIMANS     19-cv-358-jdp
and MARK KARTMAN,

       Defendants.

---

  Plaintiff Mark Girtler contends that defendants Bradley Fedie, Dameon McClimans and Mark Kartman, security staff at Wisconsin Secure Program Facility, violated his constitutional rights. Specifically, he contends that defendants were aware in early 2019 that another inmate named Banister and his fellow gang members posed a substantial risk to plaintiff's safety, yet they failed to take reasonable measures to respond to that threat. At present, plaintiff is proceeding pro se, after his lawyer had to withdraw last December for health reasons. Trial is scheduled for May 23, 2022.

  Before the court is Girtler's motion for court assistance in recruiting counsel to represent him. Dkt. 142. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Based on Girtler's incarcerated status and trust account statements filed in this case, Dkt. 5; Dkt. 33, I conclude that Girtler cannot afford to pay for counsel on his own.

1

Second, Girtler must show that he made reasonable efforts on his own to find a lawyer to represent him. Girtler has satisfied this requirement. He avers that he has asked six different attorneys to represent him: one declined and the other five have not responded to his letter.

Third, Girtler must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id*. at 655. This factor is difficult to evaluate, because throughout this case Girtler has either had the assistance of another inmate or a lawyer. Ultimately, however, I am persuaded that the difficulty of this case exceeds his ability to try it on his own. His claims are somewhat complex, in that his failure-to-protect claims are against three defendants, each of whom had different knowledge about the threats he allegedly faced and different abilities to respond to that knowledge. In addition, trial is likely to involve a substantial amount of testimony about the institution's policy regarding special placement requests, which may pose a difficult topic to address on cross-examination. In addition, Girtler says that he takes a psychotropic medication that makes it difficult for him to concentrate.

Under these circumstances, I conclude that the difficulty of litigating this case going forward would exceed Girtler's abilities. So I will grant his motion for assistance in recruiting counsel, and the court will attempt to recruit counsel to represent him. In the meantime, the trial date will be stricken and the proceedings will be stayed.

The court typically attempts to recruit counsel for pro se plaintiffs for about one year. Given the age of this case, however, the court is not willing to stay proceedings for that long. The court will attempt to recruit counsel for Girtler for up to four months, or until late August

of this year. If the court can recruit counsel to represent Girtler, then the court will set a status conference to set a new schedule for this case.

If, however, in four months' time the court *cannot* find counsel willing to represent him, then Girtler will have to proceed with this case on his own or dismiss it voluntarily. Girtler may also decide at any time that he does not want to wait for the court to find counsel to represent him. If he decides that he would prefer to proceed pro se, he may notify the court at any time and the stay will be lifted so that this case may proceed.

## ORDER

IT IS ORDERED that:

1. Plaintiff Mark Girtler's motion for court assistance in recruiting counsel, Dkt. 142, is GRANTED.

2. The trial date and all other dates in the Amended Scheduling Order, Dkt. 139, are STRUCK and proceedings in this case are STAYED until August 19, 2022 or until counsel is recruited for plaintiff, whichever occurs first. If the court finds counsel willing to represent plaintiff, the court will advise the parties and schedule a status conference. If the court does not find counsel by August 19, 2022, then it will schedule a status conference shortly after that date to establish a new trial date.

Entered April 19, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge